## Nellie Kline, Appellee, v. Christian Lindemann, Appellant.

## Gen. No. 16,058.

VERDICTS—*effect of excessive allowance of punitive damages.* A verdict will be set aside on review if it is apparent that the jury made a wrong application of an instruction and allowed excessive punitive damages.

Appeal from the Circuit Court of Cook county; the HON. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed April 1, 1912. Rehearing denied April 18, 1912.

JAMES R. WARD, for appellant.

CHARLES C. SPENCER, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

In the view that we take of this appeal it is both unnecessary and undesirable for us to discuss the facts appearing in the evidence. It must be submitted to another jury, and it is sufficient to say that we find no error in the proceedings except in the refusal of the Court below to grant a new trial on the ground that the damages were excessive. But for this reason we shall reverse the judgment and remand the case. We do not find reversible error in the instructions regarding damages, however.

The instruction concerning punitive damages was proper, but even taking into account, with full appreciation, the rule which allows such damages and the proper reluctance that a reviewing court should feel in disturbing the judgment of a jury upon their measure, we still think, after considering all the evidence in this case carefully, that the jury made a wrong application of the instruction and allowed, in addition to compensation, punitive damages too excessive to warrant the approval which the Court below gave to them in denying the new trial. It might, however, be misleading to another jury for us to discuss the proper measure of such damages further, and we content ourselves, therefore, with this bare memorandum of our reason for reversing the judgment and remanding the cause. If another jury reach the same result as to the liability, it should still be for them to determine the amount of damages to be assessed—subject only, as it was before, to the power of the Court to prevent injustice.

*Reversed and remanded.*